# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  13-cr-00169-JLK-01 |
| | USM Number:  39471-013 |
| KELLY SUE PEREA-BELTRAN | Paula M. Ray, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1, 4, 5, and 6, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession and Use of a Controlled Substance | 01/07/2014 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Violations 2 and 3 are withdrawn by the Government.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

April 2, 2015
Date of Imposition of Judgment

s/John L. Kane
Signature of Judge

John L. Kane, Senior U.S. District Judge
Name & Title of Judge

April 6, 2015
Date

DEFENDANT: KELLY SUE PEREA-BELTRAN
CASE NUMBER: 13-cr-00169-JLK-01                                                              Judgment-Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | Possession and Use of a Controlled Substance | 01/15/2015 |
| 5 | Possession and Use of a Controlled Substance | 01/27/2015 |
| 6 | Possession and Use of a Controlled Substance | 02/04/2015 |

DEFENDANT: KELLY SUE PEREA-BELTRAN
CASE NUMBER: 13-cr-00169-JLK-01                                       Judgment-Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of five (5) months.

The court recommends that the Bureau of Prisons credit the defendant with time served in official detention prior to sentencing.

The defendant shall voluntarily surrender at the direction of the United States Marshal to the United States Marshal for this district on April 9, 2015.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: KELLY SUE PEREA-BELTRAN
CASE NUMBER: 13-cr-00169-JLK-01                                    Judgment-Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of one (1) year.

The defendant must report to the probation office in the district to which she is released within 72 hours of her release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: KELLY SUE PEREA-BELTRAN  
CASE NUMBER: 13-cr-00169-JLK-01                                                                 Judgment-Page 5 of 6

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. Specifically the defendant shall successfully complete a residential treatment program approved by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

3) Defendant shall remain medication compliant and shall take all psychiatric medications that are prescribed by her treating psychiatrist. The defendant shall cooperate with random blood tests as requested by her treating psychiatrist and/or her supervising probation officer to ensure that a therapeutic level of her prescribed medications is maintained.

4) The defendant shall reside in a Residential Reentry Center (RRC) for a period of up to 180 days to commence on a date as directed by the probation officer and in accordance with bed space availability. The defendant shall observe the rules of that facility. The defendant may be discharged earlier than 180 days by the probation officer, to enter a residential substance abuse treatment facility.

DEFENDANT:  KELLY SUE PEREA-BELTRAN
CASE NUMBER:  13-cr-00169-JLK-01                                                                 Judgment-Page 6 of 6

5) During the defendant's Residential Reentry Center (RRC) stay, she shall comply with the rules of the RRC Location Monitoring Program (LMP), which includes passive Global Position System (GPS) tracking.  the defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.